**OMNIPOINT COMMUNICATIONS, INC., Plaintiff,**

v.

**The CITY OF WHITE PLAINS, et al., Defendants,**

**Congregation Kol Ami, A New York Religious Corporation, Intervenor–Defendant.**

**No. 01 Civ. 3285(CM).**

United States District Court, S.D. New York.

Sept. 6, 2001.

Steven Barshov, New York City.

Robert Bodian, New York City.

Joseph A. Maria, Jr., White Plains, NY.

**DECISION AND ORDER DENYING THE MOTION FOR LEAVE TO INTERVENE**

McMAHON, District Judge.

This proceeding, alleging violations of to the Telecommunications Act of 1996 (TCA), 47 U.S.C. § 332, was commenced by Omnipoint Communications against the City of White Plains and its Planning Board, after the Board denied Plaintiff's application for a permit to build a 150 foot monopole, with antennas and associated equipment, on certain premises owned by the Fenway Golf Club, located on Old Mamaroneck Avenue in the City. That action has proceeded on an expedited schedule, as required by the TCA,

47 U.S.C. § 332(c)(7)(B)(v), and a motion for summary judgment has been made in accordance with a scheduling order entered by this Court last spring.

Congregation Kol Ami owns the synagogue adjacent to the Fenway Golf Club. It has consistently opposed construction of the monopole on Fenway's property, claiming, *inter alia,* that the monopole will ruin the view from its sanctuary. Kol Ami presented its point of view to the Defendant Planning Board, which made the decision that the Congregation preferred. It now seeks leave to intervene in this lawsuit, claiming that it has a protectable interest in the subject or property of this action, that its interest may be impaired by a judgment in plaintiff's favor, and that its interest cannot be protected by defendants.

Because the Congregation has no such interest, because any interest that the Congregation does have will be more than adequately protected by defendants, and because the issues the Congregation seeks to inject into this action share no common question of law or fact with the underlying complaint, the motion for leave to intervene—whether as of right or by permission—is denied.

■ A proposed intervenor must satisfy four criteria in order to intervene as of right under Fed.R.Civ.P. 24(a). A party may only intervene as of right if the party (1) files a timely motion; (2) asserts an interest relating to the property or transaction that is the subject of the action; (3) is so situated that without the intervention the disposition of the action, may, as a practical matter, impair or impede its ability to protect its interest; and (4) has an interest not adequately represented by other parties. *United States v. Pitney Bowes,* 25 F.3d 66, 70 (2d Cir.1994). The Congregation fails to satisfy at least two, and possibly three, of those criteria.

Kol Ami has no interest in the property or transaction that is the subject of this action, aside from the interests that are being ably protected by the City of White Plains. It purports to assert a protectable interest under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc–5, in that construction of the monopole, on property not owned by the Congregation, would adversely affect its right to worship. From the proposed answer and the motion papers, it appears that this argument rests on the impact that the monopole will have on the view from the synagogue's large glass window, which overlooks the golf course. The Congregation alleges that, as its free exercise argument is not available to White Plains, its interest cannot be protected by defendants.

The Congregation does not identify which provision of RLUIPA permits it to object, on free exercise grounds, to the construction of a communications facility on someone else' property—and properly so, for the suggestion that RLUIPA has anything to do with this case is specious. RLUIPA requires local governments to demonstrate that they have a compelling governmental interest, and that they have taken the least restrictive means of furthering that interest, when imposing or implementing a land use regulation which results in a "substantial burden" on religious exercise. 42 U.S.C. § 2000cc(a)(1). It was passed because Congress found that churches were "frequently discriminated against" where zoning codes "frequently exclude churches in places where they permit theaters, meeting halls, and other places where large groups of people assemble for secular purposes." Congressional Record, S7774 *et seq.* (July 27, 2000). The proposed monopole neither discriminates against Kol Ami in its status as a religious organization, nor does it place a substantial burden on religious exercise. Indeed, the property owned by Kol Ami is not affected at all by Omnipoint's proposal to place the monopole on Fenway's golf course—except, of course, aesthetically. There is no suggestion that the proposed monopole will physically intrude on the Congregation's land.

Moreover, even if White Plains were to be ordered to issue the permit, issuance of the permit would not constitute a "land use regulation" that either (1) totally excludes religious assemblies from the City of White Plains, (2) unreasonably limits such assemblies, or (3) substantially burdens the religious exercise of the Congregation. These, not views, are the interests protected by the arguably relevant sections of the RLUIPA. The English doctrine of "Ancient Lights" has

been universally repudiated in the United States. Thus, absent some sort of easement or covenant, a landowner is free to build whatever it wishes on its property without concern for the views of its neighbors. If Fenway (the owner of the affected land) chose to do so (and assuming it were permissible under White Plains' local zoning ordinance), it could build a concrete fence ten feet high along the border of its property with the Congregation, and there would be nothing the Congregation could do about it. If the City of White Plains owned the land adjacent to the synagogue, it could construct anything it wished on the property, and obstruct the Congregation's views, without any need to accord the Congregation due process. No one has a right to interfere with a neighbor's use of his property in order to retain a particular view, and nothing in the RLUIPA resurrects such a right.

From the papers before me, it is clear that the Congregation's concerns are purely aesthetic. The City of White Plains is more than capable of protecting those interests and asserting those arguments. It has asserted them, vigorously, and it continues to do so.

Because Kol Ami does not meet either the requirement of Fed.R.Civ.P. 24(a)(2)(2) or (4), the motion for leave to intervene as of right must be denied, as it is well settled that a proposed intervenor must meet all four conditions before intervention will be granted under Rule 24(a). *New York News, Inc. v. Kheel,* 972 F.2d 482, 485–88 (2d Cir.1992).[1]

■ If the Congregation *did* have an interest in the monopole construction under RLUIPA, permissive intervention would nonetheless be inappropriate. Fed.R.Civ.P. 24(b). Permissive intervention is appropriate only where the action as originally filed and the intervenor's pleading raise common questions of law or fact. There is no common question of law or fact between the lawsuit as it currently exists—in which the Court is asked to determine whether White Plains acted arbitrarily and capriciously in denying the permit for the monopole, or unreasonably discriminated against Omni-

point—and the religious freedom "defenses" Kol Ami seeks to assert. The Congregation has no independent right of action under the TCA, and its assertion of RLUIPA injects wholly new issues into this case. Rule 24(b) intervention was not designed to deal with such situations.

Moreover, this action, which the parties have conducted in an expeditious manner, is ready for final adjudication on the merits. Discovery is over, and the plaintiff has already filed its motion for summary judgment. In deciding an application for permissive intervention, a court is permitted to take into account whether allowing intervention will unduly delay the case. *Great Atlantic & Pacific Tea Co. v. Town of East Hampton,* 178 F.R.D. 39, 44 (E.D.N.Y.1998). The TCA mandates speedy adjudication of disputes over the refusal to grant permits for transmission facilities. In view of Congress' clear directive that I resolve the TCA claim speedily, waiting until July 13, 2001 to try to jump into the fray is fatal to the Congregation's request for Rule 24(b) intervention.

This constitutes the decision and order of the Court.

---

1. Kol Ami's motion also comes late in the day, and thus arguably fails to fall within the definition of a "timely" motion as required by condition (1). However, I prefer to deal with this argument in the context of the Congregation's motion for permissive intervention.